**NOT FOR PUBLICATION**

## THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEVEN SCHWARTZ,<br><br>   Plaintiff,<br><br> v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>   Defendant. | HON. JEROME B. SIMANDLE<br><br>Civil Action<br>No. 06-5581 (JBS)<br><br>**OPINION** |

APPEARANCES:

Mr. Steven Schwartz
#37542-066
FCC Fairton
P.O. Box 420
Fairton, New Jersey 08320
 Plaintiff pro se

Christopher J. Christie
United States Attorney
 By:  Susan Handler-Menahem
  Assistant United States Attorney
OFFICE OF THE U.S. ATTORNEY
970 Broad Street, Suite 700
Newark, New Jersey 07102
 Attorney for the Defendant


**SIMANDLE**, District Judge:

 Currently before the Court are Plaintiff Steven Schwartz's

motion for injunctive relief [Docket Item No. 6]; Defendant

United States Department of Justice's motion to dismiss pursuant

to Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(2) for lack of personal jurisdiction, or alternatively, for summary judgment [Docket Item No. 10]; Plaintiff's request for a sixty-day extension to oppose Defendant's motion [Docket Item No. 20]; and Ilene Schwartz's motion to join the case as a plaintiff [Docket Item No. 21].  For the reasons explained below, the Court lacks jurisdiction over Plaintiff's Complaint and shall therefore deny Plaintiff's motion for injunctive relief, Plaintiff's request for a sixty-day extension, and Ilene Schwartz's motion to join the case as a plaintiff; and grant Defendant's Motion to Dismiss.

## II.  BACKGROUND

Because this Court's subject matter jurisdiction is in dispute, the Court will consider the Complaint together with correspondences between Plaintiff and various United States agencies pertaining to his document requests to determine whether the Court has jurisdiction.  See Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977) (explaining distinction between facial and factual attacks on the Complaint).

> Because at issue in a factual 12(b)(1) motion
> is the trial court's jurisdiction - its very
> power to hear the case - there is substantial
> authority that the trial court is free to
> weigh the evidence and satisfy itself as to
> the existence of its power to hear the case.
In short, no presumptive truthfulness attaches to plaintiff's

allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

Id.

Plaintiff Steven Schwartz ("Plaintiff") is currently incarcerated at the Federal Correctional Institution in Fairton ("Fairton").  (Compl. at 3.)  The genesis of Plaintiff's grievance can be traced to his November 15, 2005 Freedom of Information Act ("FOIA") request to the FBI for documents pertaining to William Catanese.  (Doc. Req. Ltr. to U.S. Dep't of Justice, Ex. A to David Hardy Decl.)  On the same date Plaintiff and his mother wrote letters to the FBI requesting information it might have on Kathrina Warren, Brian Shaughnessy, "Former Senator David Friedland," and Phil Gagner.  The FBI responded to Plaintiff's mother on December 5, 2005, neither confirming nor denying the existence of the requested records, but instead indicating that the request for information on other individuals could not be processed without "proof of death or a privacy waiver" from those individuals.  (Dec. 5, 2005 FBI Ltr. to Ilene Schwartz, Ex. B to David Hardy Decl.)  The FBI response noted that otherwise, the information was private and could not be disclosed, pursuant to 5 U.S.C. §§ 552 (b)(8), (b)(7)(C).  The FBI enclosed a privacy waiver form and described what would

3

satisfy its proof of death requirement.  (Ex. B. to Hardy Decl.)
On February 3, 2006, Plaintiff sent another letter, attempting to
clarify that he and his mother only wanted public information
regarding William Catanese, Kathrina Warren, Brian Shaughnessy,
David Friedland, and Phil Gagner and appealing the FBI's decision
to the Department of Justice's Office of Information and Privacy.
(Exs. C, D to Hardy Decl.)   The Department of Justice affirmed
the decision of the FBI, noting that the Schwartzes needed a
privacy waiver or proof of death for each individual for whom
they requested information.  (Sept. 20, 2006 Dep't of Justice
Ltr. to Schwartzes, Ex. E to David Hardy Decl.)

On November 20, 2006 Plaintiff filed suit against Defendant
United States Department of Justice ("Defendant") alleging that
the agency's denial of his request for document production made
pursuant to the Freedom of Information Act ("FOIA") is "arbitrary
and capricious and clearly erroneous."  (Compl. at ¶ 3.)
Specifically, Plaintiff alleges that denial of his request was
improper because "there has been an official acknowledgment of an
investigation involving each and every individual requested."
(Id. at ¶ 4.)

While this action was pending, Plaintiff and his mother
filed a second FOIA request, this time addressed to Patrick
Meehan, the United States Attorney for the Eastern District of

4

Pennsylvania on January 19, 2007.  (Doc. Req. Ltr. to Patrick
Meehan, Ex. A to David Luczynski Decl.)  Plaintiff requested "a
true and correct copy of the $5,000 check made payable to Robert
Schlacter from Ilene Schwartz'[s] personal bank account in
June/July 1996" and "the May 1997 IASG/REFCO brokerage account
application personally completed by Brian W. Shaughnessy . . . ."
(Id.)  Plaintiff alleged that the U.S. Attorney's Office had
seized these documents from the Schwartz home and was under a
judicial Order to return them.  Less than one week later, on
January 24, 2007, Plaintiff filed a similar request with William
Stewart, Esquire, the Acting Assistant Director for the
FOIA/Privacy Unit of the Executive Office for United States
Attorneys in Washington, D.C.  (Doc. Req. Ltr. to William G.
Stewart II, Ex. C to David Luczynski Decl.)  In response, The
Executive Office for United States Attorneys Freedom of
Information /Privacy Act Staff informed Plaintiff and his mother
that their request was not complete without "a notarized example"
of their signatures or "a certification of identity under penalty
of perjury."  (EOUSA Resp., Ex. B to David Luczynski Decl.)

The record does not indicate Plaintiff's compliance with the
agency's request.  Instead, on March 1, 2007, Plaintiff and his
mother, "Ilene Schwartz," who was not named in the original
Complaint, filed a motion for injunctive relief demanding that an

5

emergency hearing be convened and that the following agency records be immediately produced: "a true and correct copy of an account application filled out by Brian Shaughnessy with IASG REFCO" and "a true and correct copy of the $5,000 check made payable to Robert Schlacter from Ilene Schwartz'[s] personal bank account in June/July 1996."  (Pl.'s Mot. Inj. Relief.)

In response, Defendant filed an opposition along with a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(2) for lack of personal jurisdiction, or alternatively, for summary judgment under Rule 56.  Plaintiff filed a motion requesting a sixty-day extension to oppose Defendant's motion on May 11, 2007.  On May 29, 2007, Ms. Ilene Schwartz, Plaintiff's mother, moved the Court to join the instant action as a plaintiff.  [Docket Item 21].

## III. DISCUSSION

### A. Subject Matter Jurisdiction

Although the Court must read a pro se plaintiff's factual allegations liberally and must apply a less stringent pleading standard than if the plaintiff was represented by counsel, see Haines v. Kerner, 404 U.S. 519, 520 (1972), when a motion to dismiss is made pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, the Court must inquire into the facts to determine its jurisdiction over the Complaint.  See Mortensen,

549 F.2d 884, 891; accord Berardi v. Swanson Mem'l Lodge No. 48, 920 F.2d 198, 200 (3d Cir. 1990). No presumption of truthfulness attaches to the allegations of the Complaint in as far as the allegations concern subject matter jurisdiction, and the "plaintiff will have the burden of proof that jurisdiction does in fact exist." Mortensen, 549 F.2d at 891.

When considering a factual attack on subject matter jurisdiction, the Court may consider evidence outside the pleadings. Cestonaro v. United States, 211 F.3d 749, 752 (3d Cir. 2000). Unlike a Rule 56 summary judgment motion, a court reviewing a motion to dismiss for lack of jurisdiction is not required to deny the motion upon a finding of a genuine issue of material fact. Mortensen, 549 F.2d at 891. Instead, the court is free to weigh the evidence for itself to evaluate the merits of the jurisdictional claims. Id.

First, Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's motion for injunctive relief because his motion does not address the issue raised in his original Complaint. Specifically, Defendant notes that the underlying issue raised in Plaintiff's motion for injunctive relief concerns denial of his January 2007 request while the Complaint concerns s FOIA request for different information filed on November 2005.

A preliminary injunction grants "intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945).  When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction.  See Stewart v. United States Immigration & Naturalization Service, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding that district court lacked jurisdiction to issue preliminary injunction because movant had "present[ed] issues which [were] entirely different from those which [had been] alleged in his original complaint"); Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) ("a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action"); State v. United States Army Corps of Eng'rs, 424 F.3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief requested in the complaint.")  "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).

Here, it is clear that the relief Plaintiff seeks in his motion for injunctive relief[1] differs from the remedy he seeks in the Complaint[2]. Because Plaintiff fails to establish that the current request for a preliminary injunction relates to the subject-matter of the underlying complaint, the Court cannot issue the requested injunction.

Furthermore, and more importantly, the record before the Court demonstrates that Plaintiff did not exhaust his administrative remedies as to either set of FOIA requests and the Court, as a prudential matter, therefore declines to exercise jurisdiction over this action. See McDonnell v. United States, 4 F.3d 1227, 1240 n. 9 (3d Cir. 1993) (holding that although failure to exhaust administrative remedies does not per se deprive the court of subject matter jurisdiction, it is a prudential consideration that the court takes into account in determining whether to exercise subject matter jurisdiction.)

---

[1] "[A] true and correct copy of the $5,000 check made payable to Robert Schlacter from Ilene Schwartz's personal bank account in June/July 1996" and "the May 1997 IASG/REFCO brokerage account application personally completed by Brian W. Shaughnessy . . . ." (Doc. Req. Ltr. to Patrick Meehan, Ex. A to David Luczynski Decl. at 1.)

[2] Production of FBI records on William Catanese, Kathrina Warren, Brian W. Shaughnessy, David Friedland, and Phil Gagner. (Compl. at ¶ 1.)

9

FOIA provides processes and procedures under which individuals seeking information from federal governmental agencies can request information.  <u>See</u> 5 U.S.C. § 552 (2002). FOIA provides administrative remedies, including an appeals process, for individuals seeking information.  <u>Id.</u>  If the individual does not exhaust his administrative remedies prior to filing suit, the district court may, as a prudential matter, decline to exercise jurisdiction over his FOIA claim.  <u>McDonnell</u>, 4 F.3d at 1240-41 (adopting rule in <u>Oglesby v. Dep't of the Army</u>, 920 F.2d 57 (D.C. Cir. 1990) that court may decline to exercise jurisdiction over a FOIA claim if claimant did not exhaust the FOIA administrative remedies).

"Exhaustion of remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision."  <u>Id.</u> at 1241 (quoting <u>Oglesby</u>, 920 F.2d at 64).  FOIA's disclosure requirements do not apply unless a request is made in accordance with published rules which state procedures to be followed for making a request.  5 U.S.C. § 552(a)(3)(A) (2002).  Exhaustion of a party's administrative remedies is required under the FOIA before that party can seek judicial review.  <u>Stebbins v. Nationwide Mut. Ins. Co.</u>, 757 F.2d 364, 366 (D.C. Cir. 1985); <u>Hedley v. United States</u>,

594 F.2d 1043, 1044 (5th Cir. 1979). <u>See</u> <u>United States v. United States Dist. Court</u>, 717 F.2d 478, 480 (9th Cir. 1983) (upon exhaustion of administrative remedies, person not satisfied with agency's response to document request may institute civil suit in district court for judicial review).

The complainant must request specific information in accordance with published administrative procedures, <u>see</u> 5 U.S.C. § 552(a)(1), (2) and (3), and the agency must improperly refuse the request before the complainant can bring a court action under the FOIA.  <u>See</u> 5 U.S.C. § 552(a)(4)(B).  Where no attempt to comply fully with agency procedures has been made, as for all of Plaintiff's requests in this case, the courts are more apt to find a failure to exhaust administrative remedies, and, thus, lack of jurisdiction to proceed upon the suit.  <u>Hedley</u>, 594 F.2d at 1044.

Here, it is clear that Plaintiff has not exhausted his administrative remedies.  As to the requests that are the subject of the Complaint, Plaintiff failed to provide the FBI with the required privacy waiver or proof of death, which FOIA requires to protect the privacy of living individuals.  Apparently there is some confusion, as Plaintiff claims only to be seeking "public" information; whether the information is publicly-available from other sources or not, federal agencies do not disclose the

information they have gathered on individuals without proper adherence to these privacy laws and regulations.  Plaintiff has failed to properly request this information.

Similarly, Plaintiff failed to properly request information from the EOUSA or the United States Attorney's Office for the Eastern District of Pennsylvania.  In response to Plaintiff's two identical FOIA requests filed in January 2007, the EOUSA wrote to Plaintiff informing him that it could not process his FOIA request without a notarized example of his signature or a certification of identity as required by 28 C.F.R. § 16.41(d).

Plaintiff failed to provide the required information and did not appeal the denial as required by the agency rule.  Instead, Plaintiff instituted the instant suit to compel a government agency to produce documents under FOIA.

Plaintiff clearly failed to exhaust administrative remedies where it is not clear such exhaustion would be futile.  The Court finds that Plaintiff has not satisfied his burden of proving that the Court has jurisdiction over his claims.  The Court shall therefore decline to exercise jurisdiction and shall dismiss the case.[3]

---

[3]  On May 11, 2007 Plaintiff wrote a letter [Docket Item No. 20] requesting a sixty-day extension to oppose Defendant's motion to dismiss and/or for summary judgment.  The Court never granted that extension; but even if it had, more than sixty days have

**B. Ilene Schwartz's Motion to Join as Plaintiff**

Because the Court declined to exercise subject matter jurisdiction over Plaintiff's motion for injunctive relief, Ilene Schwartz's motion to join as a plaintiff in the instant case shall be denied as moot.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's motion for injunctive relief shall be denied; Plaintiff's request for sixty-day extension shall be denied; Ilene Schwartz's motion to join the case as a plaintiff shall be denied; and Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) shall be granted.  The

---

passed and Plaintiff has submitted an additional motion, but no opposition to this motion to dismiss.  If Plaintiff had opposition demonstrating that he had exhausted the administrative remedies or that such exhaustion would be futile as a matter of law, he could well have submitted those in the past few months. Therefore, the Court shall deny the request as moot.

dismissal is without prejudice to filing an appropriate FOIA suit
after exhaustion of available remedies.

    The accompanying Order is entered.


**October 4, 2007**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
U.S. District Judge